**KELLEY DRYE & WARREN LLP**
  Becca J. Wahlquist (SBN 215948)
1800 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone:    (310) 712-6100
Facsimile:     (310) 712-6199
bwahlquist@kelleydrye.com

Attorney for Defendant
HI.Q, Inc. d/b/a Health IQ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TOBY HOY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HI.Q, INC. d/b/a HEALTH IQ, a Delaware corporation,<br><br>Defendant. | Case No.  4:21-cv-4875-YGR<br><br>(Assigned to the Hon. Yvonne Gonzalez Rogers)<br><br>**DEFENDANT HI.Q, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>Action Filed:     June 24, 2021<br>Trial Date:        None Set |

Defendant HI.Q, Inc. d/b/a/ HEALTH IQ ("Defendant"), by and through its attorneys, Kelley Drye & Warren LLP, hereby answers the Complaint ("Complaint") of plaintiff Toby Hoy ("Plaintiff"), as follows:

## I. INTRODUCTION

1. Paragraph 1 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2. Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 3.

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4.

## II. PARTIES

5. Defendant lacks the information necessary to determine whether to admit or deny the allegations in Paragraph 5 of the Complaint and, on that basis, denies the allegation in Paragraph 5.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6.

7. Defendant lacks the information necessary to determine whether to admit or deny the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

## III. JURISDICTION AND VENUE

9. Paragraph 9 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the Court has subject-matter jurisdiction over this dispute.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10.

11. Paragraph 11 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 11.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 12.

### IV. FACTS

13. Paragraph 13 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 13.

14. Paragraph 14 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15. With respect to the allegations in Paragraph 15 of the Complaint, Defendant lacks the knowledge of the intention behind each consumer's choice to register his or her phone number on the National Do Not Call Registry, and thus lacks the information necessary to determine whether to deny or admit that allegation. Defendant admits that "[t]he National Do Not Call Registry allows consumers to register their phone numbers."

16. Paragraph 16 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 16.

17. Paragraph 17 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 17.

18. Paragraph 18 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19. Paragraph 19 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19.

20. Paragraph 20 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20.

21. Paragraph 21 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21.

22. Paragraph 22 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 22.

23. Defendant lacks the knowledge necessary to determine whether to admit or deny the allegations in Paragraph 23 of the Complaint.

24. Defendant lacks the information necessary to determine whether to deny or admit the allegations in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 25.

26. Defendant lacks the information necessary to determine whether to deny or admit the allegations in Paragraph 26 of the Complaint.

27. Defendant lacks the information necessary to determine whether to deny or admit the allegations in Paragraph 27 of the Complaint.

28. Defendant lacks the information necessary to determine whether to deny or admit the allegations in Paragraph 28 of the Complaint.

29. Defendant lacks the information necessary to determine whether to deny or admit the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant lacks the information necessary to determine whether to deny or admit the allegations in Paragraph 31 of the Complaint.

32. Defendant lacks the information necessary to determine whether to deny or admit the allegations in Paragraph 32 of the Complaint.

33. Paragraph 33 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 33 of the Complaint.

## V. CLASS ACTION ALLEGATIONS

34. With respect to Paragraph 34 of the Complaint, Defendant incorporates its responses to the allegations asserted in all previous paragraphs as though fully set forth herein.

35. Defendant lacks the information necessary to determine whether to admit or deny the allegations in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 36.

37. Paragraph 37 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37.

38. Paragraph 38 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 38.

39. Defendant admits that the Complaint seeks both injunctive relief and money damages; however, Defendant denies that any relief is appropriate or warranted.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 41.

42. Paragraph 42 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42.

43. Paragraph 43 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 43.

44. Paragraph 44 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 44.

45. Paragraph 45 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 45.

46. Paragraph 46 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 46.

47. Paragraph 47 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 47.

48. Paragraph 48 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 48.

## VI. FIRST CAUSE OF ACTION

49. With respect to Paragraph 49 of the Complaint, Defendant incorporates its responses to the allegations asserted in all previous paragraphs as though fully set forth herein.

50. Paragraph 50 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 50.

51. Paragraph 51 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51.

52.     Paragraph 52 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 52.

53.     Paragraph 53 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 53.

### VII. PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief that he seeks in the "WHEREFORE" clause of the Complaint, including Paragraphs A through D.

### VIII. DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff has requested a jury trial as set forth in the Complaint.

### AFFIRMATIVE DEFENSES

By way of further response, Defendant alleges the following affirmative defenses and claims to the Complaint:

#### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

#### Second Affirmative Defense

Plaintiff has failed to join necessary and indispensable parties in this action.

#### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and waiver.

#### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

#### Fifth Affirmative Defense

Plaintiff's claims are barred because the Plaintiff materially breached its contractual obligations.

#### Sixth Affirmative Defense

Plaintiff seeks to hold the Defendant liable for the actions of a third-party.

#### Seventh Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Eighth Affirmative Defense

Plaintiff's claims under the TCPA are unconstitutional.

### Ninth Affirmative Defense

Plaintiff's claims against Defendant are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

### Tenth Affirmative Defense

Defendant alleges that Plaintiff has expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff is barred from pursuing claims alleged in the Complaint.

### Eleventh Affirmative Defense

Defendant had consent to make any calls that it placed.

### Twelfth Affirmative Defense

Plaintiff's claims against Defendant are barred because the TCPA does not permit Plaintiff to revoke consent after, as part of a bargained-for-exchange.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of good-faith.

### Fourteenth Affirmative Defense

Plaintiff lacks standing to assert the claims alleged in the Complaint.

### Fifteenth Affirmative Defense

Defendant alleges that by Plaintiff's conduct, representations, and omissions, upon which Defendant detrimentally relied, Plaintiff is equitably estopped from asserting any claim for relief against Defendant.

### Sixteenth Affirmative Defense

Defendant alleges that Plaintiff is not entitled to any relief because Defendant's conduct did not proximately cause any damages, injury or loss to Plaintiff.

**Seventeenth Affirmative Defense**

Defendant is informed and believes, and on that basis alleges, that granting Plaintiff's demand would result in unjust enrichment, as Plaintiff would receive more money than Plaintiff is entitled to receive.

**Eighteenth Affirmative Defense**

Defendant alleges that by conduct, representations, and omissions, Plaintiff has waived, relinquished, and/or abandoned any claim for relief against Defendant respecting the matters that are the subject of the Complaint.

**Nineteenth Affirmative Defense**

The damages Plaintiff seeks against Defendant violate the Due Process Clause of the United States Constitution, and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

**Twentieth Affirmative Defense**

Plaintiff's claims against Defendant are barred because the calls about which he complains constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on Defendant for such calls would violate its First Amendment rights.

**Twenty-First Affirmative Defense**

Plaintiff's claims are barred because Defendant did not engage in willful and/or knowing misconduct.

**Twenty-Second Affirmative Defense**

The alleged injuries and/or damages sustained by Plaintiff are the result of conduct of a person or persons over whom HEALTH IQ exercised no control.

**Twenty-Third Affirmative Defense**

Defendant states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

    1. That Plaintiff takes nothing by reason of his Complaint;

    2. That judgment be entered against Plaintiff and in favor of Defendant;

    3. That Defendant recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

    4. That the Court grant Defendant such other and further relief as it deems just and proper.

DATED: August 24, 2021

KELLEY DRYE & WARREN LLP
Becca J. Wahlquist

By: /s/ *Becca J. Wahlquist*
Becca J. Wahlquist
Attorney for Defendant
HI.Q, Inc. d/b/a/ Health IQ